NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0918n.06
Filed: November 18, 2005

No. 04-3909

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JONEL PRIFTI,

      Petitioner,

v.

ALBERTO R. GONZALES, Attorney General,

      Respondent.

                                  /

On Review of a Decision of the
Board of Immigration Appeals

BEFORE:    RYAN, GILMAN, and COOK, Circuit Judges.

      RYAN, Circuit Judge.      The petitioner, Jonel Prifti, seeks review of a final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of Prifti's claims for asylum, withholding of removal, and protection under the Convention Against Torture.  The IJ found that changed conditions in Albania rebutted Prifti's presumptive fear of persecution.  We find that there is substantial evidence supporting the IJ's conclusions and deny Prifti's petition for review.

**I.**

      Jonel Prifti is a 38-year-old native Albanian who entered the United States by fraud, without a visa, on or about March 17, 1993.  In 1994, Prifti filed a pro se application for asylum.  He claimed that he feared that, if he were required to return to Albania, he would be imprisoned, tortured, or even killed because he and his family had always been associated with the anti-communist party and had spoken out and demonstrated against

the communist government.  There is no documentation in the administrative record, but it appears that the INS denied Prifti's request.  The following year, 1995, Prifti filed a request for a single "advance parole" with the INS, so he could travel to Albania to visit his father who was very ill and dying.  Prifti's request was granted on August 14, 1995.  He traveled to Albania, visited his father, married his current wife, and returned to the United States on October 3, 1995.

On January 14, 2000, the INS began removal proceedings against Prifti.  An IJ held a removal hearing on July 21, 2000, and allowed Prifti to file a second application for asylum.  On February 13, 2003, the IJ entered a decision denying Prifti's applications for asylum, withholding of removal, and protection under the Convention Against Torture.  Prifti filed a timely appeal with the BIA, and the BIA affirmed the IJ's decision without opinion on June 15, 2004.  Prifti filed a motion to reopen or reconsider on July 15, 2004, and the BIA denied that motion on September 2, 2004.

## II.

When the BIA affirms an IJ's decision without opinion, we review the IJ's decision as the final agency decision.  Denko v. INS, 351 F.3d 717, 726 (6th Cir. 2003).  We review the IJ's legal conclusions de novo and its factual findings for substantial evidence.  Tapucu v. Gonzales, 399 F.3d 736, 738 (6th Cir. 2005).  We must uphold the IJ's determination that an alien is not eligible for asylum if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole," and it can be reversed only if "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (internal quotation marks and citation omitted).

Under the Immigration and Nationality Act, the Attorney General has discretion to grant asylum to a "refugee." 8 U.S.C. § 1158(b)(1)(A) (2005). The INA defines a "refugee" as an alien who is "unable or unwilling" to return to his country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant for asylum bears the burden of establishing that he qualifies as a refugee. Mikhailevitch v. INS, 146 F.3d 384, 389 (6th Cir. 1998).

An applicant who establishes past persecution is "presumed to have a well-founded fear of persecution on the basis of the original claim." 8 C.F.R. § 1208.13(b)(1). But the INS can rebut that presumption by showing, by a preponderance of the evidence, that there has been "a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(1)(i)(A).

Prifti argues that he is entitled to asylum because he was persecuted in the past and therefore has a presumptive fear of persecution. He claims that the IJ erroneously found that his presumptive fear of persecution was rebutted by changed conditions in Albania. He argues that the IJ erred by identifying "country conditions" solely with top-level political events in Albania and by failing to consider the persistence of political persecution at the local level.

The IJ stated: "[G]iving [Prifti] perhaps more credibility than he is due, he has shown that he was persecuted or at least harassed." From that reluctant finding of past persecution, the IJ determined that Prifti had a presumptive fear of future persecution. The

IJ then found that the presumption was rebutted by evidence that conditions have changed in Albania since Prifti and his family were persecuted there over 12 years ago.

The IJ's conclusion that conditions in Albania have changed is supported by substantial evidence. The Communist Party, whose officials persecuted Prifti and his family, has not been in power since Albania held free elections in 1992. Moreover, the 2001 Department of State Profile of Asylum Claims and Country Conditions for Albania states that, despite the prevalence of crime and police corruption, "[t]here is virtually no evidence that individuals are targeted for mistreatment on political grounds." The IJ's conclusion that Prifti failed to establish a reasonable fear of future persecution is further supported by the fact that Prifti presented no evidence that he was persecuted after the fall of the Communist Party in 1992, even when he returned to Albania in 1995, or that any of his family members living in Albania have been persecuted since he left the country in 1993.

The evidence Prifti submitted certainly does not "compel" the conclusion that he has a reasonable fear of persecution. Koliada v. INS, 259 F.3d 482, 488 (6th Cir. 2001). The State Department country reports Prifti relies upon merely establish nationwide police abuse and corruption; they do not support his claim that local communist police officers still persecute those who spoke out against the former Communist government.

We find that there is substantial evidence supporting the IJ's decision denying Prifti asylum, and therefore, there is substantial evidence supporting the denial of withholding of removal because the finding that Prifti did not establish a well-founded fear of persecution necessarily supports a finding that he failed to establish a clear probability of persecution. There is also substantial evidence supporting the IJ's decision denying Prifti

protection under the Convention Against Torture because the evidence Prifti submitted fails to establish that it is "more likely than not" that he will be tortured if he is forced to return to Albania.  8 C.F.R. § 1208.16(c)(2).  Finally, the IJ's refusal to grant Prifti asylum for the reason that he did not suffer severe persecution was not an abuse of discretion.  <u>See</u> 8 C.F.R. § 1208.13(b)(1)(iii)(A); <u>In re Chen</u>, 20 I & N Dec. 16 (BIA 1989).

### III.

Prifti also argues that the BIA erred in denying his motion to reopen or reconsider. We are precluded from reviewing the BIA's decision to deny Prifti's motion to reopen or reconsider because he did not designate that decision in his petition for review, and he did not timely file a separate petition for review of that decision.  <u>Rreshpja v. Gonzales</u>, 420 F.3d 551, 558-59 (6th Cir. 2005).

### IV.

For these reasons set forth above, we **DENY** Prifti's petition for review.

**RONALD LEE GILMAN, Circuit Judge, concurring in part and dissenting in part.** I concur in the lead opinion's resolution of Prifti's requests for refugee status, the withholding of removal, and relief under the Convention Against Torture (CAT). This court's recent decision in *Mullai v. Ashcroft*, 385 F.3d 635, 639 (6th Cir. 2004), permits the Immigration Judge (IJ) to rely primarily, if not exclusively, on State Department reports in assessing whether changed country conditions rebut the asylum applicant's presumptive fear of future persecution. The IJ in the present case did just that, using the reports to find that the government had successfully rebutted Prifti's presumptive fear with evidence that conditions in Albania have changed. And because Prifti did not establish his eligibility for refugee status, he necessarily could not "satisfy the more stringent standard for withholding of deportation." *Daneshvar v. Ashcroft*, 355 F.3d 615, 625 (6th Cir. 2004).

I respectfully disagree, however, with the lead opinion's resolution of Prifti's request for humanitarian asylum under *Matter of Chen*, 20 I. & N. Dec. 16 (BIA 1989). The lead opinion's cursory analysis on this point consists of one sentence in which it summarily concludes that "the IJ's refusal to grant Prifti asylum for the reason that he did not suffer severe persecution was not an abuse of discretion." Op. at 5. But my review of the record reveals that neither the IJ nor the BIA even addressed Prifti's claim under *Chen*, a case on which Prifti explicitly relied in his brief before the BIA. Under almost identical circumstances, this court has decided that the appropriate course of action is to grant the petition for review and remand the case so that the immigration courts can make "a determination—and [provide] a clear explanation—of whether [the] [p]etitioners' past

persecution warrants a discretionary grant of asylum." *Neli v. Ashcroft*, 85 F. App'x 433, 438 (6th Cir. 2003).

Although the unpublished decision in *Neli* is not binding on us, I believe that its reasoning is compelling. There, the petitioners were an Albanian couple who had suffered violent attacks and continued threats of reprisal for their anti-communist beliefs. The government, as it did in this case, relied extensively on a State Department report documenting changed country conditions in Albanian. This court found substantial evidence in the record supporting the IJ's rejection of the Nelis' request for asylum and the withholding of removal, but also held that the IJ had abused his discretion "by failing to consider whether the long-term persecution of [the Nelis] was sufficiently atrocious to merit a discretionary grant of asylum under *Chen*." *Id.* at 437. The court reasoned that the persecution experienced by the petitioners, while not necessarily as severe as that found in *Chen*, was "more than minimal," and that remand was required because the IJ—the person "in the best position to make" the assessment— had failed to explain his reasons for denying the Nelis humanitarian relief. *Id.*

Similarly, neither the IJ nor the BIA in the present case evaluated Prifti's request for relief under *Chen*. Even though the evidence of persecution that Prifti has produced likely does not rise to the level of severity found in *Chen*, we should not—and cannot—substitute our judgment for that of the immigration courts on an issue that those courts have not yet addressed. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam) (reversing the court of appeals' decision to address the government's argument of changed country conditions in the first instance without remanding the issue for consideration by the BIA). Instead, "the proper course," as the Supreme Court has instructed in the immigration

context, "is to remand to the agency for additional investigation or explanation." *Id.* at 16

(quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).  Along with our

decision in *Neli*, this principle governing appellate review of agency adjudications weighs

strongly in favor of remanding Prifti's request for humanitarian relief to the BIA.

For these reasons, I would grant the petition for review and order a limited remand

so that the BIA can address Prifti's request for humanitarian asylum under *Chen*.